Lumber Co. vs. Sheriff.

No. 11,219.

S. D. CARPENTER, PRESIDENT CYPRESS LUMBER AND SHINGLE COMPANY, VS. CHAS. A. BRUSLE, SHERIFF.

"Articles of wood," in Article 207 of the Constitution, refers to a particular substance or commodity manufactured from lumber, by hand, by art, or machinery, ready for immediate, convenient and general use, complete in themselves without further manipulation or work on them.

Shingles, lathes, cross-ties, dressed lumber, planed, tongued and grooved; weatherboards planed, dressed and ready for general use; mouldings, sashes, doors and blinds, boxes, pickets, turned stair work are such articles of wood, complete in themselves, ready for immediate, convenient and general use without further manipulation or work on them.

"Articles of wood," such as planks, joists, sills, etc., which are intended for parts of a particular structure are not such articles as are intended for general, immediate and convenient use, each complete in itself.

APPEAL from the Fourteenth District Court, Parish of Iberville. Talbot, J.

Geo. Wailes and Samuel Matthews for Plaintiff and Appellant.

Alex. Hébert, District Attorney, for Defendant and Appellee.

The opinion of the court was delvered by:

McENERY, J.   The plaintiff prayed for and obtained a writ of injunction against the defendant sheriff and ex-officio tax collector restraining him from selling the property of the plaintiff corporation for taxes for the years 1888, 1889, 1890, 1891, on the ground that the same is exempt from taxation under Article 207 of the Constitution, which releases from taxation for a period of twenty years from its adoption " the capital, machinery and other property employed in the manufacture of furniture and other articles of wood," etc.   On the trial of the injunction, there was judgment for defendant and plaintiff appealed.

In the petition it is alleged that the plaintiff corporation is engaged "in conducting a saw mill, and shingle mill in both their said factories."

The testimony shows that the corporation makes shingles, laths, bridge material, fence posts, railroad ties, wood products ready for use as they come from the mill, without any further manipulation.   The

also make the parts of common plantation cabins, the sills, joists, studding and rafters, sawed to specified lengths and can be used in the construction of cabins without further manipulation. The whole plant is under one roof and the same boilers are used for the plant, one engine runs the saw mill department, and one the shingle department; but the engine running the saw mill department runs also the lath machinery, the trimming machinery for ties and fence posts and the bolting saw in the shingle department. Forty-five or fifty hands are employed.

The value of the rough lumber, as compared with the total value of the output, is about one-third.

The saw mill and the capital and machinery employed in it are not exempt; City vs. LeBlanc, 34 An. 596; Martin vs. New Orleans, 38 An. 397.

There is nothing in the manufacture of the parts of the cabins to distinguish this case from Carre vs. City, 41 An. 996.

No part of the capital, machinery and property of plaintiff employed in this part of his business is therefore exempt from taxation.

The question then presented is, whether the manufacture of laths, shingles, fence posts, cross-ties and bridge timber for plantation bridges exempts plaintiff's property, under Article 207, from the tax levied against it.

"Articles of wood" refer to a particular substance or commodity manufactured from lumber, by hand, by art, or by machinery, ready for convenient, immediate and general use.

In Jones vs. Raines, 35 An. 996, we held that Art. 207 referred to such articles of wood, which like furniture were made from lumber either sawed or split. They are such articles therefore as are intended for separate use without further manipulation or labor on them and which are complete in themselves. Carre vs. City, 41 An. 996.

In this case we held materials for cabin and rough planks were not exempted. The reason for this decree was that parts of the cabins, joists, sills, planks, etc., were not in themselves complete, separate articles intended for immediate, convenient and general use. They could only be used in the particular structure for which they were intended.

In Martin vs. New Orleans, 38 An., p. 397, following the ruling in

Jones vs. Raines, we held that the capital, machinery and property employed in the production of dressed lumber, planed, tongued and grooved, weather-boards, planed, dressed and ready for general use, mouldings, sashes, doors and blinds, boxes, laths, pickets and turned stair-work were exempt from taxation under Art. 207. Each of these articles was manufactured by machinery out of lumber, and complete in itself, ready for immediate, convenient and general use without further manipulation or work on it. All of these were finished products.

Laths, shingles, cross-ties and fence posts are articles complete in themselves, ready for immediate, convenient and general use. The testimony shows that in order to make these articles of wood it is necessary to manipulate the timber after coming from the saw mill. It is cut to a uniform thickness, length and width by machinery other than that of the saw mill proper.

The bridge timber made for plantation bridges come under the ruling of Carre vs. City, 41 An. 996.

The pieces made for the bridges are like the joists, sills, etc., for the cabins. Each piece is not an article of wood complete in itself, ready for immediate, convenient and general use.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reverse that part of the judgment which dissolved and set aside the injunction issued to prevent the sale of plaintiff's property, employed for the years in which it was assessed in the manufacture of articles of wood, stated in the opinion to be exempt from taxation under Art. 207 of the Constitution, and as to them it be perpetuated. In other respects the judgment is affirmed; the case being remanded to the lower court to ascertain the amount of capital, and the value of the machinery and property of plaintiffs employed in the manufacture of articles of wood, exempt from taxation under Art. 207 of the Constitution, defendants and appellees to pay costs of appeal.

Mr. Justice Breaux recuses himself in this case.